Oral argument, not to the police, but to Ms. Persaud, Mr. Henry Trevelyan Powell. Good morning and may it please the court, Mitchell Hendy on behalf of the United States. This interlocutory appeal concerns whether the government should be allowed to admit evidence that Samuel Whitt previously committed and pleaded guilty to a prior vandalism involving racially charged language in a prosecution that involves a crime that includes a racial animus element. The district court's order refusing admission of this evidence reflected a fundamental misunderstanding of the crime charged, and that is what 3631A requires the government to prove. And that fundamental misunderstanding led the court astray at every stage of the 404B analysis. To be clear, the problem in the court's order is rooted in the fact that 3631A requires the government to prove two motives, two but-for causation motives, involving one, that the victim was of a protected class, in this case race, and two, that the defendant acted because of interference with a protected housing right. In this case, the victim was the landlord, the defendant's landlord. The district court focused only on one and presumed that the defendant could only act with one motivation, and that led the court to fail to analyze the probative value that this previous crime had with respect to motive and led the court astray in other aspects of the 404B analysis, too. And to start, if I can, with motive, the district court made this preliminary finding after hearing zero witnesses and only considering a small subset of the government's evidence that the defendant, in this case, must have acted because he was just evicted from the apartment. But the 2013 crime evidence is probative of the second motive that the government must prove under 3631A, and that is that he acted with this racial animus. There, the 2013 crime is highly probative of whether or not, in 2016, he acted with this required racial animus. Doesn't the proof, though, in this case show that pretty much? I'm sorry, your honor? Doesn't the proof show that he had some racial statements and so forth written? You mean the 2016 crime itself, the fact that there was swastikas in the apartment? So no, it doesn't, quote, seal the deal. And that comes from this court's decision in Miller, where, in that case, there was a beard-cutting incident against highly religious Amish people. In that case, the court held that just because the beard-cutting itself was highly symbolic of their religion, a jury doesn't have to believe that that was motivated, the but-for cause was the religious animus. It wasn't an evidence ruling, was it? That was a sufficiency of the evidence, not an evidence? It was a sufficiency, and it involved with the harmless error analysis. It wasn't the admission of evidence issue. So the fact that... Is that true or not? I'm sorry? It wasn't a case of whether evidence should have been admitted or not. That's true. It was a jury issue. But the evidence was admitted. The evidence was admitted, but the fact that, in that case, that's what held that this but-for... I understand. I understand. It's just a different context might have some different... Sure. But it does play into the probative value of this evidence, that the defendant would be entitled to say that just because the crime itself, the swastikas on the wall, suggest racism, that that doesn't mean the defendant was motivated by racist intent, but rather that... There was also Facebook evidence, right? So the Facebook evidence was not before the district court. The district court has not reviewed the actual record of the Facebook evidence. What happened was there were two preliminary motions. This 404B motion, which only pertained to the 2013 crime, and then a suppression motion on the Facebook warrant. In the briefing of the motion, some comments, some of the substance of the Facebook comments were disclosed and discussed a little bit, but there was no submission of the records to the district court yet. And the district court didn't mention the Facebook evidence at all in either the oral argument of the 404B motion or, of course, in the ruling. So the district court... To be clear, the district court actually has not ruled that the Facebook evidence is admissible. It only ruled that the warrant... It's not admissible. Hasn't said it's not admissible, and it's not part of the 404B motion. Would that be something that it took into account under the abuse of discretion when we do the balancing? It theoretically could, but in this case where the district court didn't even mention it and this is a discretionary ruling, it would be kind of odd for this court, as a court of appeals, to weigh that kind of evidence as a substitute. Did you bring this to the attention of the court, what was on the Facebook? Did the court have an opportunity to know that was in the record? Only a casual mention in the Facebook motion, in the suppression motion, did the United States discuss what the comments were. It was not argued by the government at all in the 404B motion. The defense did raise it as a possibility, but there's a key difference here, and that's because the evidence of the 2013 crime is far more probative of committing an act with racial animus than stray, casual comments on a Facebook post. The 2013 crime shows that this individual has previously been so motivated by racial animus that he's been driven to commit criminal acts, and that is far more probative in a case where the government is required to prove beyond a reasonable doubt that it's a but-for motive. Would the Facebook evidence issue need to be decided eventually at trial and then on appeal, depending on how events transpired? Presumably yes, the district court will have to consider it, but it's strange to suggest to substitute weaker evidence, this more attenuated evidence of racism. Granted, universally, across the board, every case I've been able to find in 404B case law involving a crime that involves a racial animus element, even evidence suggesting casual use of racial epithets such as this, would be admitted. So the Facebook evidence would be probative, but it's much weaker compared to the actions that the defendant previously has taken and admitted to, pleaded guilty to, and so it's no substitute when the government has this burden of proving a but-for causation. I commend you for your argument technique and starting with your strongest argument, but there's other arguments that the district court relied on, like the identity, which I find hard to accept that in the context of this case as a basis for admitting that evidence. Do you want to respond to that? Sure. Of course, Your Honor. Of course, if there's any permissible purpose, the evidence should be admitted. Yeah, but when we then go and weigh, if we're weighing if the identity is in a permissible purpose, then that sort of narrows the focus of how we do the weighing when we're evaluating the weighing on an abuse of discretion standard. But you don't want to defend the... Oh, absolutely, Your Honor. So the view on identity is the district court took a myopic view as to only focusing on the swastikas at issue. And in this court's precedent, such as in Woods, you can step back and look at broader commonality between the two offenses. And here you have not just swastikas, but you have the spray paint and manner, the methods. You have other racially charged language. The N-word was used in both the 2013 and 2016 events. You have other... That stuff is kind of generically how you express... So... ...the racial animus, isn't it? So it can be generic in that those are common, but the question for identity is, are there enough similarities between these two offenses that a jury could infer that they were committed by the same person? And given that they were very common in both in the methods and the content, and less than a mile apart, that given those commonalities, a jury would certainly be reasonably able to infer that they were committed by the same person. And knowing that wit pleaded guilty to the 2013 crime allows them to make this identity, not a propensity inference, but the identity inference that he committed the 2016 offense. Did the court rule that you couldn't introduce this in the case in chief or at all in the trial? The court did rule that it could only be introduced, that the ruling only applied to the case in chief. But you can't use it by cross-examining the defendant if he took the stand. That's what the court suggested. But the problem with that kind of limitation, of course, is that racial animus is an element of the government's burden, of the government's case in chief. And so the government has to provide substantive evidence in its case in chief, suggesting that wit not only committed the crime, but was motivated by this racial animus. And for the reasons in Miller, where they said that it doesn't seal the deal that the incident itself suggests racial animus, the government's burden is quite large. And it has to be permitted to introduce prior acts of racism. And that's why the district court's order here stands alone, that literally no other district or circuit court I've been able to find has kept evidence of racist previous activity out when the government has this as an element of its case in chief. Even if we agreed with you that the evidence was probative of motive, wouldn't we need to determine the 403 balancing and decide whether or not there was a danger of unfair prejudice? And why isn't there a danger of unfair prejudice given the emotional salience of these kinds of demonstrations of racist behavior? Sure. So in this case, I'd say that there's a couple reasons why there's no danger. First, that the charged offense itself, because it's so similar and has these incendiary racial overtones that are unmissable, the previous offense is no worse, no more egregious or inflammatory. Given that the racial animus is an element, it's not improper for the jury to convict on being found that the defendant himself has racially charged beliefs. That's a necessary, basically, element of the crime. And you have to keep in mind that the district court did no real balancing here because it zeroed out the probative value because it focused only on the eviction as a possible motive and didn't even consider this racial animus element that the government has. If the district court didn't do the proper balancing, should the remedy be to send it back to the district court to do that balancing under 403? In an ordinary case, sure, absolutely, Your Honor. But here, given that it's an element of the crime and universal consensus is this type of evidence comes in here, the probative value is so high, given that it's an element that the government has to approve, and given that there is no more inflammatory language in the 404B evidence compared to what's charged, and again, the limiting instruction that the district court didn't consider, all of that suggests that it's pretty hard to imagine how this 403 balance could come out without some way of admitting this evidence. I see my time... Is the defendant in custody currently? He is, yes, Your Honor. And this motion occurred a year ago, is that right? In January. The motion was filed in January? The motion was filed earlier, the order was filed. So when was the motion filed? I don't have that... For some reason, I thought it was in September of last year. That sounds right, that the hearing on the Facebook motion was in September, the hearing on the 404B motion was in January, and the order issued shortly thereafter. Thank you. Thank you. May it please the court, my name is Zenaida Lockhart and I represent the appellee, Mr. Witt. Judge Moore, to answer your question, the original motion to exclude the Facebook evidence was filed in July of 2017. Mr. Witt has been in custody since May of 2017. To address up front, I think my previous counsel relies heavily on the fact that the court made an incorrect decision in regards to motive. And I think what he's relying on is the order that was issued in this case. But this doesn't represent an evidentiary hearing that was on the fly. This actually was filed and the court considered this issue for six months. So he had written briefings from the parties. On September 20th of 2017, he asked that the record be supplemented in relation to the prior. So evidence was submitted to him about the prior offense, which included the transcript and the colloquy of Mr. Witt at the time of the plea. It included the interview, the recorded interview of Mr. Witt, and it also included photographic evidence. The court took all of that into consideration. On January 10th, which is the transcript that is before the court today, the court heard extensive argument from the parties and actually looked at this issue of motive extensively and this question of propensity versus whether or not it had a permissible purpose. And then eight days after that, the court issued a decision. Do you maintain that if this evidence is not put into the record, that the government can't overcome a motion for judgment of acquittal at the close of their evidence? That's what the U.S. Attorney is suggesting, that without this, they can't make a case on the second part of the statute. No, I do not maintain that, and I think that the record actually supports that there is overwhelming evidence absent this, that the government can make its case on racial animus. What do they have other than this to show this motive? Well, I'll point the court to the various portions of the record. At record 25, which is the government response to the Facebook motion, it's page ID 93, the facts of the case show racial animus, I apologize, the Facebook motion is record 26, government Facebook motion, page ID 106, and that you have the Facebook return where the government describes statements that were made by Mr. Witt on his Facebook page, which include, and I quote, if you ain't white, you ain't right, and also he continuously used the word nigger to refer to African American individuals, so you have that evidence, you have the evidence of the case. Was that before him, before he made the ruling that's on appeal? Yes, your honor. The motions were filed simultaneously. The government's response is record 26, which predated all of the hearings on these two motions. In addition, you have the facts of the case itself. The government has indicated at the record 25 in their response to our motion on page ID 93 that whoever committed this crime spray painted the words white power on the walls of the apartment, also spray painted the words, and I quote, die nigger, and also spray painted swastikas. Additionally, the government recognizes in its response at record 25, page ID 96, that the swastika, and I quote, has served as the most significant and notorious of hate symbols used to display views of white supremacy. Indeed, they acknowledge in their own response that the, quote, choice of these symbols revealed that part of his motive included expressing racist ideology. So there is ample evidence in the record to show that the government can meet its burden of proving racial animus without introducing this highly prejudicial evidence. But is it unfairly prejudicial? I know I'm jumping to the last question, but if we were to think that it was probative of motive, why is it unfairly prejudicial to introduce the evidence of the prior crime? If the court finds that it's probative of motive, I think first we have to consider that the standard of review is abuse of discretion for 403 balancing tests. But the district court didn't say it was probative, so we don't need to defer to the balancing when one factor is incorrect, do we? Well, I think that depends on what standard of review the court wants to adopt. If you're going under the tripartite standard, you can do a de novo review of whether or not there's a permissible factor. If you're adopting abuse of discretion, then you would have to defer to the court. And it's not as though the district court didn't recognize motive or analyze identity and just dismiss them outright. There is actually in the record, and it's at page ID 199 of the transcript, it's record 43, that's where the court, and I actually raised this argument to the court below about how the motive was being evicted. And the court responded back and said, no, it's a different kind of motive, Zenaida. It's not a pure vandalism case. It's an element of the case. It's the animus towards the homeowners and possibly the church, et cetera, et cetera. So the court recognized that there was this other potential motive that could exist and simply rejected that. Okay, so why is it unfairly prejudicial? It's unfairly prejudicial because this is evidence of an actual crime. The government said multiple times in their argument that it could find no case where you have to prove racial animus, that you can't admit this particular evidence. But I would encourage the court to go back and look at every case that's cited to by the government because all of those cases are a litany of cases where speech-related racist things are admitted, not evidence of a prior crime. And I think that's the problem that you're running into here. The government's attempting to introduce a prior crime. I can see why you could say that is especially prejudicial, but why is it unfairly prejudicial if in fact he pleaded guilty? Well, it's unfairly prejudicial here because the government's not simply trying to admit the fact that he was convicted of criminal damaging and misdemeanor. The government wants the additional facts in that there was spray paint and that there was racial animus and that my client, you know, committed those crimes. And that also neglects to look at the first step of the 404B test, which is that the judge didn't even find or the court below didn't even find that Mr. Witt in fact painted the swastikas, which was the thrust of the government's argument under identity. They argued that because the swastikas were sufficiently similar that they should be admitted. But the record shows that after he analyzed those facts and looked at the record extensively for a period of six months, he determined that that evidence was not sufficient to even meet the government's initial burden, which is showing that the other acts occurred and that Mr. Witt in fact was the actor. And in that, in the prior case, there was two individuals who committed those acts. So the thrust of the government's argument is it should be admitted to show the similarity between the swastikas, but they didn't meet their initial burden first of showing that he in fact painted the swastikas in 2013. Did he admit in the prior crime, wholly apart from the swastikas, certain racist components such as using the N-word or other things? In the prior crime? Yeah. What he admitted to on the tape is he admitted to spray painting AB, which was Stoodford Union Brotherhood. He also admitted to spray painting the pyramid symbols, and there was a discussion back and forth about what gang that was particularly affiliated with. And if you look in the Facebook record, the agents averred that they believed that it was affiliated with the Cincinnati White Boys, which is also a supremacist gang. So that was what he actually admitted to in the record. So when the court in the actual order that issued says that you can't determine who painted the swastika, that's because the record from the 2013 conviction is silent on that issue. But he pleaded guilty to that charge. That was part of the charge, right? That's correct. He pled guilty to criminal damaging. But there was no indication that he pled to specific acts. The court considered the transcript. There was no specific outline or statement of facts as to what he was pleading guilty to. There was no difference between who committed what act, and there was no conspiracy charge affiliated with the criminal. But if he participated in it but didn't make the swastika, he'd still be guilty of that charge, right? The previous charge. He was still guilty of criminal damaging, yes. But I think the district court's nuanced distinction was that if the government wanted to aver that he was the person who spray-painted the swastika, they couldn't even show that he in fact did that in the past. I know that the government in their brief cited to a couple of cases where it says you don't have to be the primary actor, it can be anyone else, as long as you participated in the crime. But your agent, I bet, would say, go ahead, Joe, put that on the wall, while he's just as guilty as the man who put it on the wall, right, in the previous case. I would say that that's actually not correct in the circumstances of this case. I would distinguish our case from the cases that the government cites to, because the cases that the government cites to are first, out of circuit, and second, they have to do with facts where a defendant maintained direction or control over the other party who was committing the act. If you look at the case that I cite to, which shows whether or not there's sufficient evidence, it's the Bell case out of this circuit, in that case, the court of appeals said there was sufficient evidence because it was a prior conviction, but also because the defendant was not disputing the underlying facts of that case. In this situation, there is a dispute as to the underlying facts. He doesn't contest that he was convicted of criminal damaging, but he does contest that specific acts were committed by him, and specific acts were committed by his co-conspirator. Under Huddleston, which is the Supreme Court case, Judge Barrett was charged with deciding if there was sufficient evidence that Mr. Witt was, in fact, the actor. After doing a thorough review of the record, he concluded that there was not. Can I get the crux of your argument, as I understand it, just so I understand it? The idea is that we don't want a jury to be drawing an inference that this person did this crime because he's done criminal activity before, and therefore, he has a propensity to commit such crimes. Is that right? That's what we're balancing against. That's what we're trying to avoid when we do a balance. Maybe there's a good reason to admit it, but the fear is that. That's correct. Then the question is, how specific can you make that for me? Can you say, we don't want the jury to think that this person committed race-related vandalism merely because he's committed race-related vandalism before. Is that right? That's correct. But a not-legally-educated person would say, well, that's a very good reason to conclude that, but we don't want the jury to conclude that way. But then, if you get too specific and you say, well, there's a reason that spray-painting certain kinds of signature race-related graffiti, maybe we don't want the jury to conclude that that's evidence that they're going to do it again. Instead, it's evidence that this is the person that did it because it's done in a special way. Right? That's the identity idea. So a little bit, we're looking at, we can look at what they did before to see if they did it, but only if our rationale is that it's singularly identifiable. If it's just a category of crimes, we don't want them to think that because they did that category of crimes, they've done it again. Is that right? Well, I think if you look at the record, what the court was balancing was this particular risk to the jury. Can the jury make this nuanced distinction of, we can't say he did it once, therefore he did it again, but we can say it's similar enough to prove identity or motive. And I think, put simply, the district court decided that is something that the jury is not able to determine. On the facts of this case. Correct. If you look at the transcript, there are multiple places in the transcript, and I'll cite you to the pages. It's record 43, page ID 187, 190, 192, 194, 195 to 96, 203 to 204, 205 and 208. This is where the court talks about that danger, and where the court is really struggling with, will a jury be able to separate out the nuanced distinction that the government is trying to make? And put simply, the court concluded that admitting this evidence would have been far too prejudicial or highly prejudicial, and that it's substantially outweighed. Prejudicial isn't in the general sense of whether it will count against the defendant. It's prejudicial in a particular way that's forbidden by the evidence rules. Correct. Prejudicial such that the jury would consider it as propensity evidence instead of for the purposes that the government was submitting at the court below. Why wouldn't a curative instruction satisfy the situation, instructing the jury simply to consider it as motive? I think that the answer to that is found in this court's decision in Jenkins, which is the case where the court vacated the conviction and remanded it. In that case, a curative instruction was given. It was an exact same fact pattern where a prior conviction for possession with intent to distribute was being attempted to use in a current charge of possession with intent to distribute. I cite to the case in my brief, but it says, when jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a power and prejudicial impact. Even when properly instructed to consider the evidence only for some legitimate purpose as the jury was instructed here, the danger is obvious that the jury will treat it as propensity evidence instead. In that case is this court's decision in Jenkins, 593 Federal 3rd 480. And so for those reasons, Your Honor, I would encourage the court to affirm the decision of the court below because it was a thorough and well-reasoned decision and was not arrived lightly by the court below. Thank you. Thank you. If I could just pick up on that last point regarding Jenkins, Your Honors, Jenkins is a balancing case where the court, in that case it was a drug distribution crime, and the court previously, before getting to the 403 balancing, said that the probative value of the prior conviction there was, quote, microscopic at best. Very different here where the racial animus is an element of the crime charged and the 404B evidence is offered as motive evidence to prove that very element. The probative value is very high. We do look at whether there's other evidence that could prove that. It's certainly a consideration. It can certainly factor into the melting pot of the 403 balancing. It's important to distinguish how probative these kinds of things were compared to the Miller case. It's probative because, like I said in my initial argument, there's a qualitative difference between Facebook comments and stray references to racially charged words and actually acting on those beliefs being motivated. I'm talking about the actual things that were sprayed versus what they had over in the Miller case, which was not much that really, other than the actual religion of the victims. In the Miller case, the beer cutting was clearly related to religion, and the court was saying Related to religion. The court was saying. It certainly had a, I don't know how to express it, it inherently contained a shaming kind of activity that would particularly be felt as harmful by the victims that's different from the kind of racial animus that the court was concerned about. I'm not so sure it's that different, because the question in Miller is the difference between did the defendant act because he best knew how to harm and hurt the victims, or did he act out of this animus, which is what the statute requires, that he was subjectively motivated. Here, the evidence of the 2013 crime is far stronger of acting out of that animus. Posing counsel's point about the precedent involving only speech-related incidents in the 404B, that's wrong, and I direct the court to United States v. Franklin, in which case I believe that's the Tenth Circuit, involved use of prior assault against black men as 404B evidence in a murder trial of black men. In this case, this court's decision in Barrington, unpublished though, that involved conduct as well as the 404B. That was where the defendant had previously accosted a black boy for dating a white girl, and then the trial involved whether he burned down the foundation of a home meant for a black family because of race. So action matters, and that's why, when it's an element, it's very important. I see that I'm out of time. There's no further questions. I'd ask that the court reverse, or at the very least vacate the district court's opinion for a proper 403 balancing. Thank you. Thank you both for your argument. The case will be submitted. With that, would the clerk call the next case, please?